# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Frank Bergren,

    Movant

v.

Intermetal Rebar, LLC,

    Respondents

Case No.: 2:25-cv-02635-JAD-MDC

**Order Denying Motion to Withdraw Reference**

[ECF No. 1]

Frank Bergren moves to withdraw the automatic reference of a case involving him and several businesses from bankruptcy court under 28 U.S.C. § 157(d). That complex case has been proceeding in bankruptcy court since 2020 and, in 2023, the debtor parties that triggered the referral to bankruptcy court were dismissed from the case. ADR Rebar, LLC and Jose Carrero—third-party plaintiffs in the bankruptcy case—oppose the withdrawal, contending that Bergren's motion is exceedingly untimely and that he has not shown good cause to withdraw the reference. I find that Bergren has not shown cause for the withdrawal, so I deny his motion.

## Discussion

Civil proceedings related to the Bankruptcy Code are automatically referred from federal district courts to federal bankruptcy courts.[1] But the district court may grant permissive withdrawal of the reference "in whole or in part . . . on its own motion or on timely motion of any party, for cause shown."[2] Withdrawal of the reference is mandatory "if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the

---

[1] 28 U.S.C. § 157(a).

[2] 28 U.S.C. § 157(d).

United States regulating organizations or activities affecting interstate commerce."[3]  The parties agree that, because all of the remaining claims in the bankruptcy case involve state, not federal, law, only permissive withdrawal is relevant here.  To determine whether cause exists for permissive withdrawal, "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."[4]

Bergren has not shown cause to withdraw the reference to the bankruptcy court.  This case is extremely complex and has been proceeding before the bankruptcy judge for six years.  Several dispositive motions and many discovery-related requests are already pending or have been decided in that tribunal.  Permitting withdrawal now would needlessly duplicate efforts and squander judicial resources.  It would also impose extra costs and delay for the parties that have been litigating this case in bankruptcy court.

I further find that Bergren's motion is extremely untimely.  Permissive withdrawal requires a "timely motion" by the moving party.[5]  The local bankruptcy rules say that a motion to withdraw the reference of an adversary proceeding "must be served and filed on or before the date upon which the party enters its first appearance in the case."[6]  Bergren has been involved in this case since 2021, so that deadline is long expired.  To the extent that Bergren contends that withdrawal became appropriate only after the two debtor parties were dismissed, that change in

---

[3] *Id.*

[4] *Sec. Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)).

[5] 28 U.S.C. § 157(d).

[6] Local Bankr. Rule 5011(b).

circumstances occurred in 2023.[7]  Bergren does not explain why he waited more than two years to seek withdrawal.

Bergren also contends that because the bankruptcy court cannot enter final judgment in this case and the district court would have to review its findings de novo, judicial efficiency favors moving this case to the district court in the first instance.  But Bergren appeared to have consented to the bankruptcy court's ability to enter final orders under that court's local rules.[8] And even if "the bankruptcy court exceeds its statutory or constitutional authority and enters a final order in a non-core proceeding without consent of the parties, Rule 8018.1 provides the remedy."[9]  If the bankruptcy court exceeds its jurisdiction, this court may "simply treat the order as proposed findings of fact and conclusions of law and perform the necessary de novo review."[10]

I do not find that allowing the bankruptcy court to take the first crack at the issues raised in this case would squander judicial resources or create duplicative work.  In all likelihood, the bankruptcy court may issue final orders in this case[11] and, if it can't, this court will review the bankruptcy court's determinations with the benefit of a complete record.  In short, I find that

---

[7] *See* ECF No. 1 at 2, 4 (noting that, on September 26, 2023, the bankruptcy court dismissed the two debtor parties).

[8] *See* Local Bankr. Rule 7008 (requiring that the first pleading by any party "must contain a statement that the pleader does or does not consent to the entry of final orders or judgments by the bankruptcy judge" and that "[f]ailure to do so constitutes consent to the matter being heard and final orders or judgment being entered by the bankruptcy court").  Bergren's initial pleading did not contain the required statement.

[9] *In re Richards*, 655 B.R. 782, 794 (B.A.P. 9th Cir. 2023).

[10] *Id.*

[11] I make no findings about whether the bankruptcy court may or may not enter final judgment in this case—at this stage in the proceedings, that is for the bankruptcy court to determine.

Bergren has not shown cause to permit withdrawal of the reference to bankruptcy court, so I deny his motion and close this case.

**Conclusion**

IT IS THEREFORE ORDERED that Frank Bergren's motion to withdraw the reference to bankruptcy court **[ECF No. 1] is DENIED**.  The Clerk of Court is directed to CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
June 23, 2026